# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

vs.                                                          No.     CIV 99-1026 BB/LCS
                                                                                               CR 96-324 LH

**ANIBAL CRUZ-MARTINEZ,**

    **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.      This matter is before the Court on the Defendant's (Cruz) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and Cruz's Motion for Leave to Supplement Record. Cruz, currently incarcerated and proceeding *pro se,* attacks the Judgment and Sentence entered on March 18, 1998, in the case styled *United States of America v. Anibal Cruz-Martinez*, and numbered CR 96-324 BB, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the Motion is not well-taken and recommends that it be DENIED.

    2.      Cruz was arrested on May 16, 1996 and on June 4, 1996, he was indicted for possession with intent to distribute less than five grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C.§ 2; distribution of less than five grams of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C.

§ 841(b)(1)(C), and 18 U.S.C. § 2; possession with intent to distribute 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 18 U.S.C. § 2; and for forfeiture of $3,464 in currency found in his apartment pursuant to 21 U.S.C. § 853. (Doc. 7.) A jury trial on January 6-10, 1997 resulted in a hung jury. (Doc. 37.)

3. On February 5, 1997, Cruz was charged by superseding indictment with possession with intent to distribute 50 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 18 U.S.C. § 2 (Count I); maintaining a place for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856 and 18 U.S.C. § 2 (Count II); and for forfeiture of $3,464 in currency found in his apartment pursuant to 21 U.S.C. § 853 (Count III). (Doc. 42.)

4. On April 18, 1997, after a two-day jury trial, Cruz was convicted of Counts I and III. The jury deadlocked on Count II, the charge of maintaining a place for the distribution of controlled substances. (Doc. 51.) On March 6, 1998, Cruz was sentenced to 151 months incarceration to be followed by a five-year term of supervised release. (Doc. 76.) Cruz filed a timely notice of appeal. (Doc. 79.) The Tenth Circuit affirmed on February 11, 1999. (Doc. 86.) Cruz filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on September 13, 1999. (Doc. 87.)

5. In his § 2255 Motion, Cruz contends that his attorney rendered ineffective assistance of counsel because he failed to move for disclosure of the identity of the confidential informant, failed to move for dismissal of the superseding indictment for violation of the Speedy Trial Act, failed to object to admission of hearsay statements, failed to object to jury instructions, and failed to attack the validity of the search warrant. The United States asserts the § 2255 motion should be dismissed

2

as without merit.

6. The § 2255 Motion, filed within one year of the decision of the Court of Appeals, is timely under the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2255. In addition, as the Court has determined the motion, files, and records of the case conclusively show Cruz is entitled to no relief, an evidentiary hearing is not required under 28 U.S.C. § 2255.

7. Cruz failed to raise his claims on direct appeal. Ordinarily, a § 2255 motion is not available to test the legality of matters which should have been addressed on direct appeal. *See United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed.2d 816 (1982)*; United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). A defendant is procedurally barred from presenting any claim in a 2255 motion that he failed to present on direct appeal unless he can demonstrate cause for the procedural default and prejudice suffered thereby, or that the failure to hear the claim would result in a fundamental miscarriage of justice. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir.1994). A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995). As Cruz couches his arguments in terms of ineffective assistance of counsel, his claims are not barred by *Frady*.

8. In order to establish his counsel rendered ineffective assistance in contravention of the Sixth Amendment, Cruz must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *United States v. Cook*, 45 F.3d 388 (10th Cir. 1995). To show his counsel was constitutionally deficient, a defendant must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S.

at 688, 104 S. Ct. at 2064. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. In order to demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

9. Cruz claims his attorney, Ronald Sanchez, was ineffective because he failed to move for disclosure of the identity of the confidential informant. In support of this argument, Cruz cites to authorities where the government refused to identify the informant. *See e.g. Roviaro v. United States*, 353 U.S. 53, 55, 77 S. Ct. 623, 625, 1 L. Ed.2d 639 (1957). In this case, however, Mr. Sanchez did not attempt to discover the identity of the informant. The Supreme Court in *Roviaro* recognized that there are often tactical or strategic considerations that influence the decision as to whether or not to seek the identity of a confidential informant and it is a matter of defense strategy. *See Roviaro*, 353 U.S. at 64, 77 S. Ct. at 630. Strategic decisions of counsel are not lightly second-guessed. *See Jackson v. Shanks*, 143 F.3d 1313, 1319-20 (10th Cir. 1998); *United States v. Limehouse*, 950 F.2d 501, 504 (7th Cir.) *cert. denied* 504 U.S. 918 (1992). In fact, strategic choices, at which counsel arrives after thorough investigation of relevant law and facts, are "virtually unchallengeable." *See Strickland v. Washington*, 466 U.S. at 690, 104 S. Ct. at 2066.

10. Cruz asserts that the confidential informant might have testified to his possible lack of knowledge of the two buys the informant made. In light of what the Tenth Circuit described as the "overwhelming circumstantial evidence" of Cruz's guilt, Mr. Sanchez's decision not to seek the identity of the informant did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Moreover, when weighed against the "overwhelming circumstantial

4

evidence," it is clear that disclosure of the informant's identity would not have changed the outcome of the case. Thus, Cruz has also failed to demonstrate prejudice. Mr. Sanchez's decision not to seek the identity of the confidential informant was a matter of sound strategy and did not constitute ineffective assistance of counsel.

11. Cruz next claims Mr. Sanchez was ineffective because he failed to move for dismissal of the superseding indictment for violation of the Speedy Trial Act. 18 U.S.C. § 3161. Cruz was arrested on May 16, 1996. The original indictment was returned on June 6, 1996. (Doc. 7.) The first jury deadlocked on January 10, 1997. The superseding indictment was returned on February 5, 1997. Cruz reasons that the Government violated the Speedy Trial Act because more than 30 days elapsed between his arrests and the return of the superseding indictment. However, this reasoning is contrary to Tenth Circuit authority.

12. A superseding indictment may be returned at any time before trial on the merits of an earlier indictment. *See United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991). Neither the statute, nor the cases construing it, suggest that a superseding indictment must be filed within the original 30 day period allowed for the original indictment. *See United States v. Wilks*, 629 F.2d 669, 673 (10th Cir. 1980). The original indictment was filed within 30 days of Cruz's arrest as required by 18 U.S.C. § 3161(b). The superseding indictment contained the same two counts as the original indictment and one count that was factually related to the original charges. Thus, the superseding indictment complied with the Speedy Trial Act. As there was no speedy trial violation, Mr. Sanchez was not ineffective in failing to raise this issue.

13. Cruz contends that he was deprived of effective assistance of counsel because Mr. Sanchez failed to object to an informant's incriminating out-of-court statements. This issue was

5

raised on direct appeal. On appeal, Cruz argued that he was prejudiced by inadmissible hearsay when a DEA agent testified that he matched a description given the day after his arrest by a confidential informant. *See United States v. Cruz-Martinez*, 1999 WL 41066, No. 98-2090, * 1-2. The Tenth Circuit concluded that although the trial court erred in admitting this statement, the error was harmless. Cruz's attempt to re-litigate this issue is precluded by the doctrine of law of the case. *See United States v. Talk*, 158 F.3d 1064, 1068 (10th Cir. 1998). Once a court decides an issue, the law of the case doctrine prevents re-litigation of that issue in subsequent proceedings in the same case. *Id.* In this case, the Tenth Circuit has already determined that the error in admitting the hearsay statement was harmless. Thus, re-litigation of this issue is precluded in this § 2255.

14. Moreover, Cruz has failed to demonstrate how he was prejudiced by admission of the hearsay statements. The Tenth Circuit determined that, even in the absence of the hearsay statements, there was such overwhelming circumstantial evidence against Cruz that "the jury would have convicted him in any event." *United States v. Cruz-Martinez*, 1999 WL 41066, No. 98-2090, * 2-3. As the Tenth Circuit has already concluded on direct appeal that the evidence supported the conviction even in the absence of the informant's hearsay statements, Cruz is unable to demonstrate prejudice with respect to this issue within the meaning of *Strickland.*

15. Cruz contends Mr. Sanchez rendered ineffective assistance of counsel by failing to object to the Court instructions to the jury on reasonable doubt, the presumption of innocence, and the government's burden. A trial judge has extensive discretion in tailoring jury instructions, provided that they correctly state the law and fairly and adequately cover the issues presented. *See United States v. Conway*, 73 F.3d 975, 980 (10th Cir.1995). Review is limited to whether the instructions as a whole sufficiently cover the issues presented by the evidence and constitute correct statements

of the law. *See United States v. Jaynes*, 75 F.3d 1493, 1504 (10th Cir.1996). The appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled. *See United States v. Pappert*, 112 F.3d 1073, 1076 (10th Cir.1997).

16. The reasonable doubt instruction given in this case contains the "hesitate to act" language endorsed by the Supreme Court and the Tenth Circuit. *Holland v. United States*, 348 U.S. 121, 140, 75 S. Ct. 127, 99 L. Ed.2d 150 (1954); *United States v. Barrera-Gonzales*, 952 F.2d 1269, 1272 (10th Cir. 1992). Moreover, the instruction given in the second trial, (Doc. 53), is identical to the Fifth Circuit's Pattern Instruction 1.06. As the instruction accurately states the presumption of innocence, the government burden and the meaning of reasonable doubt, there was no possibility that the jury was misled. Any claim of error based on this instruction would have been without merit. Failure to raise an issue that lacks merit does not constitute ineffective assistance of counsel. *United States v. Cook*, 45 F.3d at 393. Mr. Sanchez's performance was not deficient for failure to object to the instructions.

17. Cruz claims he received ineffective assistance of counsel because his attorney failed to challenge the search warrant as stale. The warrant was issued by a state District Judge on May 10, 1996, and executed on May 16, 1996. The determination of whether information in a warrant is stale depends on the nature of the crime and the length of criminal activity and not simply the number of days that have elapsed. *See United States v. Le*, 173 F.3d 1258, 1267 (10th Cir. 1999). Where the offense in question is continuing, the passage of time is not of critical importance. *Id.* In this case, the evidence indicated that Cruz was engaged in ongoing drug distribution activities from his apartment. Under these circumstances, a six-day delay in the execution of the search warrant did not render it invalid.

18. In addition, Federal Rule of Criminal Procedure 41 (c) provides that the time for executing a warrant shall not exceed ten days. In this case the warrant was executed six days after it was issued. Thus, the execution was within the time limitation of Rule 41 (c). A review of the warrant indicates that it was telephonically approved by an Assistant District Attorney but signed in person by District Judge Robert L. Thompson. Although Cruz asserts that Judge Thompson falsified the warrant, there is absolutely nothing in the record to support this claim. As any challenge to the warrant mounted by Mr. Sanchez would have been futile, it was not objectively unreasonable to decline to pursue such an attack. Moreover, a challenge to the warrant would not have altered the outcome of the case. Thus, Cruz was not prejudiced by Mr. Sanchez's actions in any respect. Mr. Sanchez was not ineffective in his deciding not to challenge the search warrant.

19. Cruz filed a Motion for Leave to Supplement Record to add a claim that the trial court erred in sentencing him for crack cocaine because the Government failed to establish the nature of the substance in question. As Cruz failed to raise this issue on direct appeal, it is procedurally barred by *Frady*. Moreover, to the extent that Cruz attempts to frame this issue as one of ineffective assistance of counsel, it lacks merit. Testimony at trial established the substance which Cruz was convicted of possessing with the intent to distribute was crack cocaine. (Transcript of Jury Trial of April 16, 1997 at 24-34 and 69-72.) Since Cruz was convicted of possession with intent to distribute cocaine base, and the testimony at trial established that the cocaine base in question was crack cocaine, the trial court appropriately sentenced Cruz. Because the trial court correctly sentenced Cruz, there was no basis for Mr. Sanchez to challenge the nature of the substance at sentencing. The representation afforded Cruz at sentencing did not fall below an objective standard of reasonableness. Since the substance was crack cocaine, the result of the proceeding would have been the same

8

regardless of whether or not counsel raised the issue. Cruz has failed to establish his counsel was ineffective at sentencing. Hence, the Motion to Supplement the Record should be denied as futile.

## Recommended Disposition

I recommend denying Cruz's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion to Supplement the Record. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE